

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 18, 1951

Hon. Matthews Blanton
County Attorney
Shackelford County
Albany, Texas

Opinion No. V-1327

Re: Maximum compensation
of county commission-
ers and other county
officials and their
deputies of Shackel-
ford County.

Dear Sir:

You have requested an opinion concerning the maximum compensation of the county commissioners and other county officials of Shackelford County and their deputies, assistants, and clerks.

Shackelford County has a population of 5,001 inhabitants according to the 1950 Federal census and a tax valuation of $10,879,560 according to the 1950 tax rolls. Its county officials were compensated on a fee basis in 1948 and are now compensated on a salary basis.

The compensation of the county comissioners is governed by Articles 2350 and 3912 g, V.C.S. The compensation of the county treasurer is governed by the provisions of Section 1 of House Bill 265, Acts 52nd Leg., R.S. 1951, ch. 391, p. 675 (Article 3943e, V.C.S.). The compensation of the remaining county officials is governed by the provisions of Section 3 of Article 3912g, V.C.S.

Article 2350 provides in part:

"Section 1. In counties having the following assessed valuation, respectively, as shown by the total assessed valuations of all properties certified by the county assessor and approved by the Commissioners Court, for county purposes, for the previous year, from time to time, the County Commissioners of such counties shall each receive annual salaries not to exceed the amounts herein specified, said salaries to be paid in equal monthly installments,

at least one half (1/2), and not exceeding three-fourths (3/4), out of the Road and Bridge Fund, and the remainder out of the General Fund of the county; said assessed valuations and salaries applicable thereto being as follows:

". . .

"$6,000,001 and less than 9,000,000 not to exceed $1,800.00.
". . .
"$10,000,001 and less than 12,000,000 not to exceed $2,200.00.
". . ."

Since Shackelford County has a tax valuation of $10,879,560.00 (1950 tax rolls), the maximum compensation allowed the county commissioners under Article 2350 is $2200.00. Section 1 of Article 3912g authorizes an increase in compensation "not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1948". Since Shackelford County had a tax valuation in 1948 (1947 tax rolls) of $8,808,535.00, the maximum allowed under the law to the county commissioners in 1948 was $1800.00. Therefore, Article 3912g authorizes an increase in compensation not to exceed $450.00 (25% of $1800.00).

In view of the foregoing, it is our opinion that the maximum salary that may be paid the county commissioners of Shackelford County during 1951 is $2650.00 ($2200.00 plus $450.00). Att'y Gen. Op. V-1004 (1950).

Section 1 of House Bill 265, supra, provides:

"In each county in the State of Texas having a population of less than twenty thousand (20,000) inhabitants according to the last preceding Federal Census, where all the county officers are compensated on a salary basis, the Commissioners Court shall determine annually the salary to be paid the county treasurer, provided that the annual salary to be paid to the county treasurer shall not be set at any sum less than One Thousand, Eight Hundred Dollars

($1,800) per annum."

By virtue of the above quoted provision, no maximum is prescribed for the county treasurer. Att'y Gen. Op. V-1216 (1951). Therefore, the commissioners' court may set the salary of the county treasurer at any reasonable amount not less than $1800.00 per annum.

Since the county officers of Shackelford County were on a fee basis in 1948 and are now compensated on a salary basis, the salary of the remaining county officials is governed by the provisions of Section 3, Article 3912g, V.C.S., rather than Article 3912e-12, V.C.S. Att'y Gen. Op. V-882 (1949).

Section 3 of Article 3912 g provides:

"All of such officers who were paid on a fee basis during the fiscal year of 1948, and who are now to be paid on a salary basis, shall be paid an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year of 1935, and not more than the maximum sum allowed such officer under the laws existing on August 24, 1948, together with the twenty-five (25%) per cent increase allowed by this Act within the discretion of the Commissioners Court."

The maximum sum allowed under the law to the county officials of Shackelford County in 1948 was $3,750.00. Articles 3883 and 3891, V.C.S. Therefore, the maximum compensation that may be paid the county officials of Shackelford County, governed by Section 3 of Article 3912g, is $4687.50 ($3750.00 plus $937.50). In addition to the compensation provided for in Section 3 of Article 3912g, the tax-assessor-collector is entitled to the additional compensation provided for in Section 57 of Article 1436-1, V.P.C., as amended by Senate Bill 271, Acts of 52nd Leg., R.S. 1951, ch. 368, p. 620. See Att'y Gen. Op. V-1294 (1951).

While Article 3912e-12 is not applicable to the compensation of the county officials of

Shackelford County by virtue of the provisions of Section 3 of Article 3912g, it is noted that Section 3 of Article 3912g does not apply to the deputies, assistants, and clerks, whose salaries are governed by 3912e-12 and Section 2 of Article 3912g, since Shackelford County has a population of less than 20,000 and its county officers are compensated on salary basis.  Article 3912e-12 authorizes a salary of $3600.00 for the deputies, assistants, and clerks.   Section 2 of Article 3912g provides:

> "The Commissioners Court in each county of this State is hereby authorized, when in their judgment the financial condition of the county and the needs of the deputies, assistants and clerks of any district, county or precinct officer justify the increase, to enter an order increasing the compensation of any such deputy, assistant or clerk in an additional amount not to exceed thirty-five (35%) per cent of the sum allowed under the law for the fiscal year of 1948."

The sum allowed for the chief deputy, assistant, or clerk in Shackelford County under the law in 1948 was $2250.00 and $1875.00 for the other deputies, assistants, and clerks.   Article 3902. Section 2 of Article 3912g authorizes an increase not to exceed $787.50 (35% of $2250.00) to the chief deputy, assistant, or clerk and an increase not to exceed $656.25 (35% of $1875.00) to the other deputies, assistants, and clerks.

Therefore, the maximum salary that may be paid to the chief deputy, assistant, or clerk is $4387.50 ($3600.00 plus $787.50) and the maximum salary that may be paid to the other deputies, assistants, and clerks is $4256.25 ($3600.00 plus $556.25).

## SUMMARY

The maximum compensation of the County Commissioners of Shackelford County is now $2650.00.  Arts. 2350 and 3912g, V.C.S.; Att'y Gen. Op. V-1004.

The Commissioners' Court of Shackelford County may set the salary of the county treasurer at any reasonable sum not less

than $1800.00.  H.B. 265, Acts 52nd Leg., R.S. 1951, ch. 391, p. 675; Att'y Gen. Op. V-1216.

The maximum compensation that may be paid county officials of Shackelford County is $4687.50, Art. 3912g, Sec. 3.  In addition to the compensation provided for in Section 3 of Article 3912g, the tax assessor-collector is entitled to the additional compensation provided for in Section 57 of Article 1436-1, V.P.C., as amended by Senate Bill 271, Acts of 52nd Leg., R.S. 1951, ch. 368, p. 620.

The maximum salary that may be paid to the chief deputy, assistant, or clerk is $4387.50, and the maximum salary that may be paid to the other deputies, assistants, and clerks is $4256.25.  Arts. 3883, 3891, 3912e-12, and 3912g, V.C.S.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Executive Assistant

JR:mh

Yours very truly,

PRICE DANIEL
Attorney General

By John Reeves
John Reeves
Assistant